**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

FEDERAL TRADE COMMISSION; STATE OF ARIZONA; THE PEOPLE OF THE STATE OF CALIFORNIA; ATTORNEY GENERAL OF COLORADO; THE PEOPLE OF THE STATE OF ILLINOIS; THE PEOPLE OF THE STATE OF MICHIGAN; STATE OF NORTH CAROLINA; STATE OF OKLAHOMA; COMMONWEALTH OF PENNSYLVANIA; STATE OF SOUTH CAROLINA; UTAH DIVISION OF CONSUMER PROTECTION; STATE OF WISCONSIN,

Plaintiffs,

v.

WALMART INC., a corporation;

Defendant.

Case No. 3:26-cv-1655

**[PROPOSED] STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF**

Plaintiffs, the Federal Trade Commission (the "Commission" or "FTC"); the Attorney General of the State of Arizona; the People of the State of California, by and through the District Attorney of Alameda County; Philip J. Weiser, Attorney General of Colorado; the People of the State of Illinois, by Kwame Raoul, Illinois Attorney General; the People of the State of Michigan; the Attorney General of the State of North Carolina; the Attorney General of the State of Oklahoma; the Commonwealth of Pennsylvania, by and through its Attorney General David W. Sunday, Jr.; the State of South Carolina; the Utah Division of Consumer Protection; and the State of Wisconsin filed their Complaint for Permanent Injunction, Monetary Judgment, and Other Relief (the "Complaint") for a permanent injunction, monetary relief, civil penalties, and other relief in this matter pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) & 57b, Section 521 of the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6821, the Arizona Consumer Fraud Act, A.R.S. §§ 44-1521-1534, the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*., the California False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq*., the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-101 *et seq.*, the Illinois Consumer Fraud Act, 815 ILCS 505, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510, the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq.*, the North Carolina Unfair or Deceptive Trade Practices Act, N.C.G.S. §§ 75-1.1, *et seq*., the Oklahoma Consumer Protection Act, 15 O.S. §§ 751-763, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*., the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-20, 50, and 110, the Utah Consumer Sales Practices Act, Utah Code § 13-11-1 *et seq*., and the Wisconsin Deceptive Trade Practices Act, Wis. Stats. §§ 100.18 *et seq*. Plaintiffs and Defendant stipulate to entry of this [Proposed] Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute between them.

THEREFORE, IT IS ORDERED as follows:

1. The Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the GLBA, 15 U.S.C. §§

6801-6809, 6821-6827, the Arizona Consumer Fraud Act, A.R.S. §§ 44-1521-1534, the California Unfair Competition Law ("UCL") (California Business & Professions Code § 17200 *et seq.*) and the California False Advertising Law ("FAL") (California Business & Professions Code § 17500 *et seq.*), the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-101 *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510, the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq.*, the North Carolina Unfair or Deceptive Trade Practices Act, N.C.G.S. §§ 75-1.1, *et seq.*, the Oklahoma Consumer Protection Act, 15 O.S. §§ 751-763, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.*, the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-20, 50, and 110, the Utah Consumer Sales Practices Act, Utah Code § 13-11-1 *et seq.*, and the Wisconsin Deceptive Trade Practices Act, Wis. Stats. §§ 100.18 *et seq.*, in the operation of Walmart Spark Driver.

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5. Unless stated otherwise, all obligations contained herein shall extend for a period of ten (10) years.

6. Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

A. "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is easily noticeable (i.e., difficult to miss) and easily understandable by ordinary consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure

must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for reasonable consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to reasonable consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, older adults or the terminally ill, "reasonable consumers" includes members of that group.

B. "**Customer**" means a person that places an order for goods to be subsequently delivered via the Spark Driver Program.

C. “**Defendant**” means Walmart Inc. and its successors and assigns.

D. “**Driver**” means an individual located anywhere in the United States, the District of Columbia and all United States territories who accepts an offer to shop for and/or deliver goods in connection with the Spark Driver Program.

E. “**Driver Fund**” means the account established to provide restitution and redress to drivers described in Section V.

F. “**Earnings**” means any money paid by the Defendant or its agents as compensation in connection with the Spark Driver Program.

G. “**Effective Date**” means the date on which this Order is entered.

H. “**Eligible Offset Payment(s)**” means (1) any money that was (a) paid by Defendant, (b) to a Driver, and (c) that was paid to redress (i) the difference between any Earnings and/or Tip that was shown in an Initial Offer Card between January 1, 2021 and the Effective Date and the amount of Earnings and/or Tip that was actually paid to the Driver in connection with the same Offer, or (ii) any Incentive payment that was owed to a Driver for completing the applicable trip requirements but was not paid, or (2) amounts identified in the Commission’s calculation of equitable monetary relief that Defendant has demonstrated are not owed, in whole or in part, with respect to Drivers. “Eligible Offset Payments” do not include any interest on any money paid as redress.

I. “**Incentive**” means any opportunity for a Driver to receive money by referring new Drivers or completing certain trip requirements that are not dependent on a specific Offer.

J. “**Initial Offer Card**” means the first Offer Card shown to a Driver. Initial Offer Card does not include any subsequent disclosures related to the Offer.

K. “**Offer**” means any opportunity for a Driver to perform a specific task or tasks in exchange for money in connection with the Spark Driver Program.

L. “**Offer Card**” means any information presented to a Driver related to a specific Offer, including through the Initial Offer Card and any subsequent disclosures prior to the Driver’s acceptance of the Offer.

M. "**Plaintiffs**" means the Federal Trade Commission and the State Plaintiffs, collectively.

N. "**Spark Driver Program**" means a platform operated by Defendant, Defendant's officers, agents, employees, or Defendant's successors or assigns, to contract with individuals to shop for and/or deliver goods on a per-delivery basis in the United States.

O. "**State Plaintiffs**" means the State of Arizona, the People of the State of California, by and through the District Attorney for Alameda County, the Attorney General of Colorado, the People of the State of Illinois, the People of the State of Michigan, the State of North Carolina, the State of Oklahoma, the Commonwealth of Pennsylvania, the State of South Carolina, the Utah Division of Consumer Protection, and the State of Wisconsin.

P. "**Tip**" means any money paid by an individual, other than Defendant or its agents, to one or more Drivers in connection with an Offer.

## ORDER

## I. MANDATED EARNINGS VERIFICATION PROGRAM

IT IS ORDERED that Defendant, in connection with the operation of the Spark Driver Program must, within nine (9) months of the Effective Date, operate an earnings verification program ("Earnings Verification Program") designed to ensure that Drivers are paid the amount of money shown in the Initial Offer Card (aside from the changes described in Section II) upon completion of the Offer and are paid for any Incentives that they have completed. To satisfy this requirement, Defendant must, at a minimum, for a period of ten (10) years:

A. Document in writing the requirements of the Earnings Verification Program;

B. Designate a qualified employee to coordinate and be responsible for the Earnings Verification Program;

C. Assess and document, in a centralized location and at least annually, all of the instances in which a Driver was not paid the amount of money shown in the Initial Offer Card despite completion of that Offer;

D. Assess and document, in a centralized location and at least annually, all of the instances in which a Driver was not paid for completing an Incentive despite satisfying the express requirements of the Incentive;

E. Assess and document, at least every twelve (12) months, the effectiveness of the Earnings Verification Program;

F. Adopt procedures requiring Defendant to make all reasonable efforts to remediate any instances in which a Driver was not paid the amount of money shown in the Initial Offer Card (aside from the changes described in Section II);

G. Retain all documents and evidence underlying the assessments for at least five (5) years following the assessments, which may be provided to the Commission upon request; and

H. Provide a report, at least once every twelve (12) months, to the Commission summarizing the assessments and including information sufficient to show the effectiveness of the Earnings Verification Program and Walmart's efforts to remediate instances in which a Driver was not paid the amount of money shown in the Initial Offer Card that do not fall within the circumstances described in Section II.A-II.F. The initial report must cover the first 365 days after establishment of the Earnings Verification Program, and reports must be provided within 90 days of the end of the reporting period.

## II. PROHIBITION AGAINST MODIFYING OFFERS POST-ACCEPTANCE

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the operation of the Spark Driver Program are prohibited from modifying an Offer, including reducing the Earnings and/or Tip stated in an Offer, after a Driver has accepted the Offer, unless one of the following exceptions applies, provided, however, that Defendant can increase Tips or Earnings at its discretion:

A. The change is attributable to a Driver requesting that the Offer be modified, dropped or canceled;

B. The change is attributable to a Driver missing a reasonable delivery window or violating the Service Level Standards in the Terms of Use;

C. The change is attributable to a Customer, including a Customer canceling or rescheduling their order, converting the order to a pickup order, canceling or modifying items in the order, or modifying their Tip;

D. The change is attributable to an unmet compliance-related requirement, such as cold chain compliance or similar regulatory rule, and the failure to comply with that requirement is attributable to the Driver;

E. The Driver is presented with the option to cancel the changed trip without penalty and receive a Clearly and Conspicuously disclosed flat fee, provided, however, that the method Defendant uses to determine the flat fee has been Clearly and Conspicuously disclosed to the Driver before the Driver receives the Offer; or

F. The change is attributable to a force majeure event or a third party that is not an affiliate, agent, or entity subject to Defendant's direction or control, is not within Defendant's control and not caused by Defendant's acts or omissions, and the Driver is paid a Clearly and Conspicuously disclosed flat fee, provided, however, that the method Defendant uses to determine the flat fee has been Clearly and Conspicuously disclosed to the Driver before the Driver receives the Offer.

## III. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that:

A. Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

1. The estimated amount of money that a Driver will receive if they complete an Offer;

2. The approximate distance that a Driver will need to travel in order to

complete an Offer;

3. The estimated amount of time that an Offer will take to complete;

4. The approximate time by which a Driver must arrive at the store;

5. The number of stops the Driver will need to make to complete an Offer;

6. The terms of any Incentive including, but not limited to, the location where the Incentive is active, the time period during which the Incentive is active, the number of Offers that must be completed, and/or the type of Offers that are eligible;

7. That a customer's Tip will be paid to a Driver;

8. Any factors that are used to calculate a Driver's Earnings; and

9. Any material facts regarding an Offer including, but not limited to, the items that the Driver will need to shop for or deliver, the number of items, the weight of the items, or the size of the items.

B. Defendant shall not be deemed to have violated this Section if the alleged misrepresentation is based on information provided to Defendant by a reliable third-party data source, such as mapping software (e.g., Google Maps). Furthermore, nothing in this Section shall obligate Defendant to make any disclosure not otherwise required by law.

## IV. INJUNCTION RELATING TO OBTAINING CUSTOMER FINANCIAL INFORMATION

IT IS FURTHER ORDERED that Defendant and Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

A. Obtaining or attempting to obtain customer information of a financial institution (including bank account routing number, account number, log-in credentials, private keys, or cryptocurrency wallet information) from a consumer by making false, fictitious, or fraudulent representations to any consumer or financial institution; or

B. Violating the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, 6821-6827, a copy of which is attached.

## V. MONETARY JUDGMENTS

IT IS FURTHER ORDERED that Defendant is subject to $100,000,000 in judgments as follows:

A. Judgment in the amount of $89,000,000 is entered in favor of the Commission against Defendant as nationwide monetary relief (the "Monetary Relief Judgment").

B. Defendant is ordered to pay to the Commission $10,000,000, which, as Defendant stipulates, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of the Effective Date by electronic fund transfer in accordance with instructions provided by a representative of the Commission. Upon such payment, the remainder of the Monetary Relief Judgment is suspended, subject to the subsections below.

C. Subject to the conditions set forth in this Order, payment of $62,824,698 of the judgment is suspended. The Commission's agreement to the suspension of part of the Monetary Relief Judgment is expressly premised upon the truthfulness, accuracy and completeness of Defendant's document and data productions to the Commission on September 30, 2025, December 13, 2025, December 14, 2025, December 21, 2025, January 9, 2026, January 12, 2026, and January 14, 2026, and Defendant's representations to the Commission regarding incentive payments on January 14, 2026, to validate the Eligible Offset Payments.

D. Defendant shall satisfy the remainder of the judgment by establishing and funding the Driver Fund with $16,175,302, and making payments from the Driver Fund to redress the difference between (i) any Earnings and/or Tip that was shown in an Initial Offer Card between January 1, 2021 and the Effective Date and the amount of Earnings and/or Tip that was actually paid to the Driver in connection with the same Offer, or (ii) any Incentive payment that was owed to a Driver for completing the applicable trip requirements but was not paid, subject to the following provisions:

1. Within 120 days of the Effective Date, Defendant shall submit to the Commission data sufficient to allow a representative of the Commission to verify the amount of money that Defendant successfully paid to Drivers from the Driver Fund. Along with the data, Defendant shall provide a declaration by a corporate officer, under penalty of perjury, that the data is true, accurate, and complete.

2. Within 150 days of the Effective Date, Defendant is ordered to pay to the Commission any amounts remaining in the Driver Fund that have not been distributed to Drivers and documented to the FTC in accordance with Section V.D.1. Such payment must be by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

E. The suspension of the Monetary Relief Judgment will be lifted if, upon motion by the Commission, the Court finds that Defendant failed to accurately demonstrate that it made the amount of Eligible Offset Payments paid to Drivers. Within 21 days of the Effective Date, Defendant shall send a notice in the form of Attachment A to all Drivers who received an Eligible Offset Payment. The notice shall not contain or be accompanied by any statements or illustrations not set forth in Attachment A.

F. Judgment in the amount of $11,000,000 is entered in favor of the State Plaintiffs against Defendant (the "Payment to the States"), which is to be divided among the State Plaintiffs. Defendant is ordered to pay the State Plaintiffs $11,000,000, which, as Defendant stipulates, their undersigned counsel holds in escrow for no purpose other than payment to the State Plaintiffs. Such payment shall be distributed in the manner and for the purposes specified in this Order and in Attachment B. Such payment must be made within 7 days of the Effective Date by electronic fund transfer in accordance with instructions provided by the representatives of each State Plaintiff.

## VI. ADDITIONAL MONETARY PROVISIONS

A. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission or the State Plaintiffs in a proceeding to enforce any rights to any payment or monetary judgment pursuant to this Order, such as a non-dischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendant acknowledges that Defendant's Employer Identification Number or other Taxpayer Identification Number ("TIN"), including all TINs that Defendant previously provided, may be used by the Commission and the State Plaintiffs for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

E. All money received by the Commission pursuant to the Monetary Judgment in this Order may be deposited into a fund administered by the Commission or its designee to be used for additional consumer relief, such as redress and any attendant expenses for the administration of any redress fund, and shall fully satisfy Defendant's obligation to provide monetary relief arising from the conduct alleged in the Complaint. If a representative of the Commission decides that additional redress to consumers is wholly or partially impracticable or money remains after such additional redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with

promoting or offering for sale any good or service are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days.

## VIII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 10 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibility for the Spark Driver Program or any similar program; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 8 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that:

A. Within one (1) year of the Effective Date, Defendant must submit a compliance report, sworn under penalty of perjury. In this compliance report, Defendant must (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and State Plaintiffs may use to communicate with Defendant; (b) identify all of Defendant's businesses that utilize Earnings, Tips, or Incentives by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each such business, including the goods and services

offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Walmart, FTC Matter No. 2323055.

## X. RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after entry of the Order and retain each such record for 5 years. Specifically, Defendant must create and retain the following records:

A. Records showing, for each Driver, that person's name, address, telephone numbers, dates the Driver maintained an active registration on the Spark Driver app, and (if applicable) the reason for termination from the Spark Driver program;

B. Records of all Driver communications regarding underpayment for a completed trip or Incentive related to the Spark Driver Program, whether received directly or indirectly, such as through a third party, and any response;

C. Records of the number of orders delivered and trips made as part of the Spark Driver Program;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each unique advertisement or marketing material directed to the general public related to earnings for the Spark Driver Program.

## XI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order:

A. Within 45 days of receipt of a written request from a representative of the Commission or the State Plaintiffs, Defendant must submit additional compliance reports or other requested information related to compliance with this Order, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and State Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission and State Plaintiffs are authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission and State Plaintiffs to interview any employee, or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission and State Plaintiffs may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**PURSUANT TO STIPULATION, IT IS SO ORDERED this ___ day of _____________, 202__.**

______________________________
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

Dated: February 26, 2026

*/s/ Aaron M. Schue*____________________

AARON M. SCHUE, SBN 338760
JORDAN X. NAVARRETTE, SBN 306143
MILES D. FREEMAN, SBN 299302
DAVID L. HANKIN, SBN 319825
BARBARA CHUN, SBN 186907
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300
Fax: (310) 824-4380

*Attorneys for Plaintiff Federal Trade Commission*

**FOR PLAINTIFF THE STATE OF ARIZONA:**

Dated: February 26, 2026

KRIS MAYES
Attorney General of the State of Arizona

*/s/ Jayme L. Weber*___________________
JAYME L. WEBER, SBN 330107
Office of the Attorney General
Civil Litigation Division
400 W. Congress St., Ste. S-215
Tucson, AZ 85701
Tel: (602) 542-5025
Fax: (602) 542-4377

*Attorney for Plaintiff the State of Arizona*

**FOR PLAINTIFF THE PEOPLE OF THE STATE OF CALIFORNIA:**

Dated: February 26, 2026

URSULA JONES DICKSON
District Attorney

*/s/Andres H. Perez*________________________
ANDRES H. PEREZ, SBN 186219
Office of the Alameda County District Attorney
1225 Fallon Street, Suite 900
Oakland, CA 94612
Tel: (510) 272-6222
Fax: (510) 271-5157

*Attorney for Plaintiff the People of the State of California*

**FOR PLAINTIFF ATTORNEY GENERAL OF COLORADO:**

Dated: February 26, 2026

PHILIP J. WEISER
Colorado Attorney General

*/s/Julianne B. Cramer*
JULIANNE B. CRAMER, CA SBN 227771
Consumer Protection Section
1300 Broadway, 9th Floor
Denver, CO 80203
Tel: (720) 508-6000
Fax: (720) 508-6040

*Attorney for Plaintiff Attorney General of Colorado*

**FOR PLAINTIFF THE PEOPLE OF THE STATE OF ILLINOIS:**

Dated: February 26, 2026

KWAME RAOUL
Attorney General

*<u>/s/ William S. Wingo</u>*

WILLIAM S. WINGO, *pro hac vice forthcoming or pending*
WILTON A. PERSON *pro hac vice forthcoming or pending*
Office of the Illinois Attorney General
Consumer Fraud Bureau
115 S. LaSalle Street, 26th Floor
Chicago, Illinois 60603
Tel: (312) 814-3000
Fax: (312) 814-3806

*Attorneys for Plaintiff the People of the State of Illinois*

**FOR PLAINTIFF THE PEOPLE OF THE STATE OF MICHIGAN:**

Dated: February 26, 2026

DANA NESSEL
Michigan Attorney General

*/s/ Aaron W. Levin*

AARON W. LEVIN, *pro hac vice forthcoming or pending*
Michigan Department of Attorney General
Corporate Oversight Division
525 W. Ottawa Street
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
Fax: (517) 335-6755

*Attorney for Plaintiff the People of State Michigan*

**FOR PLAINTIFF THE STATE OF NORTH CAROLINA:**

Dated: February 26, 2026

JEFF JACKSON
North Carolina Attorney General

*/s/ Jesse Ramos*

JESSE RAMOS, *pro hac vice forthcoming or pending*
North Carolina Department Of Justice
Post Office Box 629
Raleigh, NC 27602
Tel: (919) 716-6000
Fax: (919) 716-6050

*Attorney for Plaintiff the State of North Carolina*

**FOR PLAINTIFF THE STATE OF OKLAHOMA:**

Dated: February 26, 2026

GENTNER DRUMMOND
Attorney General of Oklahoma

/s/ Cameron Capps
CAMERON CAPPS, *pro hac vice forthcoming or pending*
Oklahoma Office of the Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Tel: (405) 521-3921
Fax: (405) 521-6246

*Attorney for Plaintiff the State of Oklahoma*

**FOR PLAINTIFF COMMONWEALTH OF PENNSYLVANIA:**

Dated: February 26, 2026

DAVID W. SUNDAY, JR.
Attorney General for the Commonwealth of Pennsylvania

/s/ John M. Abel
JOHN M. ABEL, *pro hac vice forthcoming or pending*
Pennsylvania Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Tel: (717) 497-5123
Fax: (717) 705-3795

FRANCESCA MILLER-SURMAN, *pro hac vice forthcoming or pending*
Pennsylvania Office of Attorney General
1251 Waterfront Place, Mezzanine Level
Pittsburgh, PA 15222
Tel: (412) 565-7680
Fax: (412) 565-3019

*Attorneys for Plaintiff Commonwealth of Pennsylvania*

**FOR PLAINTIFF THE STATE OF SOUTH CAROLINA:**

Dated: February 26, 2026

ALAN M. WILSON
South Carolina Attorney General

*/s/ Jared Q. Libet*
JARED Q. LIBET, *pro hac vice forthcoming or pending*
Office of the South Carolina Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
Tel: (803) 734-3970
Fax: (803) 734-0513

*Attorney for Plaintiff the State of South Carolina*

**FOR PLAINTIFF UTAH DIVISION OF CONSUMER PROTECTION:**

Dated: February 26, 2026

DEREK BROWN
Utah Attorney General

*/s/ Stevenson Smith*________________________
STEVENSON SMITH, *pro hac vice forthcoming or pending*
CARINA WELLS, *pro hac vice forthcoming or pending*

Utah Attorney General's Office
160 East 300 South, Fifth Floor
Salt Lake City, Utah 84114
Tel: (801) 336-0310
Fax: (801) 530-6601

*Attorney for Plaintiff Utah Division of Consumer Protection*

**FOR PLAINTIFF STATE OF WISCONSIN:** Dated: February 26, 2026

JOSHUA L. KAUL
Wisconsin Attorney General

*/s/ Laura E. McFarlane*____________________
LAURA E. MCFARLANE, *pro hac vice forthcoming or pending*
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707
Tel: (608) 266-8911
Fax: (608) 266-2250

*Attorney for Plaintiff State of Wisconsin*

**FOR DEFENDANT WALMART INC.:** Dated: January 28, 2026

JAMES M. MCDONALD, *pro hac vice forthcoming*
mcdonaldj@sullcrom.com
PAULENA B. PRAGER, *pro hac vice forthcoming*
pragerp@sullcrom.com
ANNE F. CLARK, *pro hac vice forthcoming*
clarkaf@sullcrom.com
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Tel: (212) 558-3030
Fax: (212) 558-1600

DIANE L. MCGIMSEY
mcgimseyd@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, CA 90067
Tel: (310) 712-6600
Fax: (310) 712-8800

*Attorneys for Defendant Walmart Inc.*

**DEFENDANT WALMART INC.:** Dated: January 28, 2026

[REPRESENTATIVE OF WALMART INC.]

ROBERT BALFE

SVP-LEGAL INV.

**ATTESTATION**

I, Aaron M. Schue, am the ECF user whose user ID and password authorized the filing of this document. Under Civil Local Rule 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: February 26, 2026

*/s/ Aaron M. Schue*
Aaron M. Schue